IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SPENCER CAMPBELL, #099 772        )
                                  )
        Petitioner,               )
                                  )
v.                                ) CIVIL ACTION NO.:  2:09-CV-392-MHT
                                  )              [WO]
LEON FORNISS, WARDEN *et al.*,    )
                                  )
        Respondents.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

Spencer Campbell, a state inmate in the custody of the Alabama Department of
Corrections, is before the court on a *pro se* petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed on April 22, 2009.  Petitioner challenges his conviction, pursuant to his
guilty plea, for first degree robbery entered against him by the Circuit Court for Montgomery
County, Alabama on December 1, 1969.  The trial court sentenced Petitioner to 30 years
imprisonment.[1]  Petitioner did not appeal.

Petitioner presents the following claims in his petition:

1.  The trial court violated his right to due process during his guilty plea proceedings
resulting in the conviction of a person who is actually innocent.

2.  He was denied the effective assistance of counsel which has caused the conviction

---

[1]   Petitioner escaped from custody on October 31, 1976.  He remained at large until October 26,
2006 when he was recaptured in the State of Michigan.  Petitioner was returned to the custody of the
Alabama Department of Corrections on November 8, 2006 to serve the remainder of his sentence.  He has
a minimum release date of January 14, 2015.  Doc. No. 16, Ex. D.

of a person who is actually innocent.

3.  He was denied the right to trial by jury.

4.  The state courts' decisions denying him post-conviction relief were contrary to, or involved an unreasonable application of, clearly established federal law, and decided a case differently than the Supreme Court has involving a set of materially indistinguishable facts. Doc. Nos. 1 & 21.

In accordance with the orders of this court, Respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[2] as it was not filed within the one-year "grace period" allowed in this Circuit.  Specifically, Respondents assert that because Petitioner's conviction became final in 1970, before the effective date of the AEDPA, he was allowed until April 24, 1997 in which to file a § 2254 petition.  Doc. No. 14.  Although Petitioner filed a state post-conviction petition challenging his first degree robbery conviction on June 14, 2007, this action had no effect on the limitation period as this collateral challenge was filed after the federal limitation period had already expired.  *See Id.* Exs. A-C.

Based on Respondents' answer, the court entered an order advising Petitioner that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1).  Doc. No. 17.  The order also gave Petitioner an opportunity to

---

[2]  Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

show cause why his petition should not be barred from review by this court. *Id*. Petitioner filed a response. Doc. No. 21. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

### A. Actual Innocence - Independent Claim

Petitioner argues he is entitled to federal habeas relief because he is actually innocent of first degree robbery. Doc. Nos. 1 & 21. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution–not to correct errors of fact.' *Id*." *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). Thus, Petitioner is entitled to no relief from this court on his independent claim of actual innocence.

**B.  Actual Innocence - Gateway to Excuse Time Bar**

Petitioner asserts that he was not afforded the full panoply of protections afforded criminal defendants by the Constitution resulting in the  conviction of one who is actually innocent.  In support of  this assertion, Petitioner claims that he did not personally enter a guilty plea, but rather, his attorney entered the plea and that the trial court accepted such a plea without advising Petitioner of any of his constitutional rights.[3]  Doc. No. 1 & 21.

This court must determine whether Petitioner has presented new evidence establishing his actual innocence before addressing whether the claims for federal habeas relief are barred by the statute of limitations.  *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable [trier of fact] would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims."  *Id*. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See*

---

[3]  The evidentiary material  before the court reflects that Petitioner presented his claim that he did not personally enter his guilty plea in his post-conviction petition.  The Alabama Court of Criminal Appeals found that the record supported the state circuit  court's determination that Petitioner was physically present with his lawyer when he plead guilty and was sentenced.  Doc. No. 14, Ex. A.

*Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."
*Bousley*, 523 U.S. at 623-24; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

Here, Petitioner's actual innocence argument falls far short of the threshold required for a gateway claim of innocence. Petitioner neither references nor presents any reliable new evidence to establish his innocence as a matter of fact. The assertions submitted by him in support of his actual innocence claim do not constitute "new reliable evidence" of his actual innocence nor has he demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. Rather, the arguments and evidence on which Petitioner bases his actual innocence claim were available to him at the time he entered his guilty plea. Thus, even if there is an actual innocence exception to the time period for seeking habeas relief, Petitioner has failed to present new evidence showing his

actual innocence.[4]  The petition for writ of habeas corpus is, therefore, properly analyzed under 28 U.S.C. § 2244(d)(1).

## C.  *The Federal Period of Limitation*

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

---

[4] Neither the Supreme Court nor the Eleventh Circuit Court of Appeals has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. *See Johnson v. Florida Dep't of Corr.,* 513 F.3d 1328, 1333 (11th Cir. 2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing.").

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired.  Petitioner entered a guilty plea to first degree robbery in the Circuit Court for Montgomery County on December 1, 1969.  The trial court sentenced Petitioner to a term of 30 years imprisonment.  Petitioner did not appeal his conviction or sentence.  Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction and/or sentence.  By operation of law, Petitioner's conviction became final on January 12, 1970 – forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).

The foregoing makes it clear that Petitioner's robbery conviction became final prior to the enactment of the AEDPA.  If the AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Petitioner's

conviction in 1971.  However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Campbell], whose conviction became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998).  The Court further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 – "one year from the AEDPA's effective date."

Because Petitioner's robbery conviction became final in January 1970, the applicable limitation period  began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration.  Accordingly, the time allowed Petitioner for the filing of a federal habeas petition expired on April 24, 1997.  Petitioner filed the instant habeas petition on April 22, 2009.  Under the circumstances of this case as outlined herein, the reasonable time period afforded Petitioner under *Goodman* and *Wilcox* expired twelve (12) years prior to his filing his federal habeas petition.

### i.  Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition in the state court on June 14, 2007, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[5] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the state post-conviction petition filed by Petitioner on June 14, 2007 had no effect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

Petitioner's efforts to seek refuge in the statutory tolling provision of 28 U.S.C. § 2244(d)(1)(B) are likewise unavailing. Petitioner maintains that he was denied access to the courts after entering prison because in order to obtain legal assistance through the law library he would have had to have provided money or sex in exchange for such legal assistance and prison officials failed to remove this impediment. Doc. No. 21. To show an impediment

---

[5] Petitioner's Rule 32 petition was filed more than 10 years after § 2244(d)'s one-year period of limitation had expired. *See* Doc. No. 14, Ex. A.

which would trigger the later commencement date for the one-year period, Petitioner must demonstrate both actual harm or injury, that is, that he was actually prevented from exercising his right of access to courts to attack his sentence or conditions of confinement, and that the impediment was unconstitutional because it was not "reasonably related to legitimate penological interests." *Akins v. United States,* 204 F.3d 1086, 1090 (11th Cir. 2000) (quoting *Lewis v. Casey,* 518 U.S. 343, 361 (1996)) (other citations omitted).

To the extent Petitioner asserts that the State impeded him from timely filing the instant petition by failing to provide adequate legal assistance within the prison law library to assist him with collateral challenges to his conviction, this is not the type of State impediment envisioned in § 2244(d)(1)(B). *See Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir. 2005) (habeas petitioner's assertion that the State impeded him from timely filing his federal petition by providing an incompetent attorney to assist him is meritless, as this is not the type of State impediment envisioned in § 2244(d)(1)(B)). Moreover, Petitioner has failed to show a causal connection between the conduct of prison officials and the late filing of his federal petition. As explained, the habeas corpus statue was amended in April 1996 to include a one year limitation period applicable to federal habeas petitions. This amendment came about after Petitioner fled from custody. Petitioner does not allege he was aware of the federal deadline applicable to habeas corpus petitions or attempted to make himself aware of it until his return to prison in November 2006, more than nine years after

10

the federal limitations period applicable to his habeas application had already expired.

Petitioner also asserts as a State-created impediment to his timely filing a federal habeas application Alabama's refusal to "reclaim" him as a fugitive from Michigan or, alternatively, that Michigan refused to surrender him to Alabama and/or misled him into thinking that he was no longer wanted by the Alabama authorities. Doc. No. 21. Again, Petitioner has failed to show a causal connection between the conduct of any government officials and the late filing of his federal petition. Rather, Petitioner's delay in filing a timely habeas application is directly attributable to his flight. His unsupported, generalized, and specious contentions that "Alabama neglected or refused to collect him from Michigan, Michigan misled [him] into believing over the years that he was no longer wanted by Alabama," and/or that Michigan refused to extradite him despite his requests, do not amount to a State created impediment which prevented him from being able to file a timely habeas application in this court nor do they constitute a forfeiture or waiver of § 2244(d)(1)'s limitation period. Doc. No. 21. Regardless of Petitioner's subjective beliefs concerning his status after his flight from custody, he has not shown in any way that he was prevented from filing a timely petition or from becoming aware of the limitation period until after he was returned to prison much less that there is any causal connection between his late filing and the conduct Petitioner ascribes to the States of Alabama and Michigan which is not attributable to his own criminal misconduct. *See Verikokidis v. Galetka,* 42 F. App'x 311

11

(10th Cir. 2002) (delay in filing timely habeas petition not excused where petitioner's fugitive status contributed to delay).   Accordingly, the undersigned rejects Petitioner's arguments that § 2244(d)(1)(B) is the appropriate statutory trigger for the limitations period.

Petitioner also seeks to invoke § 2244(d)(1)(D) as a basis for tolling the statutory time period based on the same "extraordinary circumstances" described above, which he contends "were beyond his control and prevented him from discovering the evidence [of his claims] earlier."  Doc No. 21.  Section 2244(d)(1)(D) provides that a habeas petition is timely if it is filed within one year of the "date on which the factual predicate of the claim or claims presented could  have been discovered through the exercise of due diligence."  Petitioner argues that the date he discovered the factual predicate for his claims, through the exercise of due diligence, occurred after the "impediments" about which he complains were removed and he discovered the legitimate grounds on which to fight his conviction and sentence.  At that time, he contends, he filed a state habeas corpus petition in state court in March 2007, which was considered a Rule 32 petition and transferred to the criminal division of the Circuit Court for Montgomery County on June 14, 2007.  Doc. No. 21.

Petitioner misconstrues § 2241(d)(1)(D).  His habeas claims are that he was denied due process, the right to a jury trial, and the effective assistance of counsel during his 1969 guilty plea proceedings, and the factual predicate for those claims is the date he found out that he was not "free and clear" of his 1969 conviction following his apprehension in

Michigan and return to Alabama on November 8, 2006 to serve the remainder of his sentence.  Petitioner asserts that the impediments to his filing a federal habeas petition were removed once he was returned to custody of the Alabama Department of Corrections whereupon he exercised due diligence on his return to prison by filing a petition for collateral relief in state court.

Petitioner escaped from prison in 1976 and was returned to custody by law enforcement officials who apprehended him 30 years later.  Petitioner has demonstrated no impediment to his discovering the alleged constitutional infirmities associated with his guilty plea apart from the fact that he intentionally fled from prison.  The factual predicate of his claims reasonably could have been discovered with the exercise of due diligence years before 2007 and/or 2009.  Petitioner appears not to have ascertained at any time between 1976 and 2006 the status of his conviction and/or his fugitive status.

Due diligence means Petitioner "must show some good reason why he or she was unable to discover the facts" at an earlier date.  *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997).  Merely alleging that a petitioner "did not actually know of the facts underlying his or her claim does not pass that test.  *Id*.  Further, Petitioners who "sleep on their rights" do not demonstrate due diligence.  *See Fisher v. Johnson*, 174 F.3d 710, 715 & n.14 (5th Cir. 1999).  In this case, Petitioner has proffered no valid reason for his delay in discovering the factual predicate of his claims for relief presented in his habeas application which pass the

13

test of demonstrating due diligence on his part.  Section 2244(d)(1)(D), therefore, does not

apply to any of the claims in his petition.

### ii. Equitable Tolling of the Limitation Period

The Supreme Court has determined that the one-year limitation period is subject to

equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland v. Florida,* 560 U.S. ___, ____, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v.*

*DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271

(11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those

specified in the habeas statute "when a movant untimely files because of extraordinary

circumstances that are both beyond his control and unavoidable with diligence"); *see also*

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711

(11th Cir. 2002).  The diligence required is reasonable diligence, not "maximum feasible

diligence", *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires

a causal connection between the circumstance and the late filing.  *San Martin v. McNeil,* 633

F.3d 1257, 1267 (11th Cir. 2011).  "Equitable tolling will not be available in most cases, as

extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

control make it impossible to file a petition on time." *Calderon v. United States Dist. Court,*

128 F.3d 1283, 1288 (9th Cir. 1997).   Such tolling applies only in truly extraordinary circumstances.  *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).   "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew*, 297 F.3d at 1286; *see Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001).

Petitioner argues that he is entitled to equitable tolling because after his return to prison in November 2006, he exercised due diligence by filing a post-conviction petition within four months of his return because he was previously unaware of the factual and legal bases for his claims until he secured legal assistance and because he is not trained in the law. However, neither lack of legal knowledge, ignorance of the law,  nor  lack of representation during the applicable filing period establishes rare and exceptional circumstances justifying equitable tolling of the one-year period of limitation.  *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law does not justify equitable tolling);

15

*Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (petitioner's *pro se* status throughout most of the period of limitations does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Petitioner argues entitlement to equitable tolling of the limitation period because he presents jurisdictional issues which he contends are not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).  *See* Doc. No. 21.  Specifically, Petitioner argues that the trial court lacked subject matter jurisdiction to impose judgment where Petitioner's appointed counsel entered Petitioner's guilty plea for him, the trial court denied Petitioner his right to a jury trial, and the trial court denied him due process during the plea proceedings.  *Id.*  Whether or not Petitioner has asserted a valid challenge to the state court's jurisdiction, neither the limitations statute nor federal case law makes an exception for

16

alleged jurisdictional issues arising under state law. *See Johnson v. Jones*, 2006 WL 2092601, at *2 (M.D. Ala. 2006).

To the extent Petitioner presents his State-created impediment argument of lack of access to the law library under § 2244(d)(1)(B) as an equitable tolling argument as well, he is entitled to no relief. While prisoners have a constitutional right of access to the courts, they have no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The inmate must demonstrate actual injury, and that requirement "is not satisfied by just any type of frustrated legal claim." *Id.* at 354. A petitioner claiming equitable estoppel due to lack of access to a law library must demonstrate that the lack of access to legal materials kept him from timely filing his petition. *See Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007) (denial of equitable tolling not abuse of discretion; lack of access to law library and legal papers for as much as ten months of one-year limitations period were not shown to be extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition).

Here, Petitioner simply states that he did not have access to a law library during his initial period of confinement but does not attempt to demonstrate that this prevented him from filing a timely habeas petition. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("a claim of insufficient access to relevant law . . . is not enough to support equitable tolling.") (citation omitted). He does not allege that he made any attempt to file a federal

17

petition or ascertain the federal deadline within the one-year "grace" period following April 24, 1996.   Therefore, he has failed to satisfy either the extraordinary circumstances requirement or the due diligence requirement of the equitable tolling standard. *Holland*, 130 S.Ct. at 2562; *Helton*, 259 F.3d at 1312.

Finally, to the extent Petitioner's references a learning disability "precipitated" upon a speech impediment he has had all his life as a basis for equitable tolling, this claim entitles him to no relief as he has failed to establish a causal connection between the alleged learning disability and his ability to file a timely federal habeas petition.  *Lawrence v. Florida*, 421 F.3d at 1226; *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005) (equitable tolling not applicable because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition").   The mere fact that Petitioner may suffer from a learning disability, which he admittedly still has, and without more, is insufficient to justify equitable tolling. *Lawrence*, 421 F.3d at 1227.

### D.  Expiration of the Limitation Period

Based on the foregoing, the court concludes that there is no credible basis for either equitable or statutory tolling of the limitation period until Petitioner filed this cause of action. The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the

exercise of diligence.  The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period.  He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims.  As the court in *Alshare v. United States*, 2011 WL 2447091 (M.D.N.C. 2011), aptly put it "[i]n no way can fleeing to [another state] to evade punishment be described as diligent pursuit of one's rights.  In fact, it is an abandonment of rights."  *See also Cunningham v. United States*, 2011 WL 4459105, at *3 (W.D.N.C. Sept. 26, 2011) ("Petitioner's flight from justice cannot possibly be construed as a diligent pursuit of his rights.  On the contrary, the doctrine of fugitive disentitlement likely precludes Petitioner's reliance upon his flight or any circumstances resulting from or during that flight to support a request for equitable tolling.").  Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.'  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence."  *Drew*, 297 F.3d at 1291 n.5.  Consequently, Petitioner's habeas petition is due to be dismissed as untimely.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Petitioner, Spencer Campbell, be DENIED as Petitioner failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1); and

2.  The petition be DISMISSED with prejudice.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before February 7, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981).

Done this 24th day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE